55,208.03

NO. 758756-C

Levi C. Haynes #824139

Date 1-12-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 14 2015

Abel Acosta, Clerk

Office of the Clerk
Abel Acosta, Clerk
Court Of Criminal Appeals of Texas
P.O. Box 12308, Capitol Station
Austin, Texas 78711

Re: Rebuttal To District Court's Proposed
Findings of Fact, Conclusions of Law
and Order.

Dear Clerk:

Enclosed Please Find For Filing In The Above Number Cause, Applicant's Rebuttal To District Court's Proposed Findings of Fact, Conclusions of Law and order.

Thank you For your Assistance In This Matter.

Respectfully Submitted,
Levi C. Haynes (Pro Se)
59 Darrington Rd.
Rosharon Texas 77583

C/C: File...L.C.H.

NO. 758756-C

EX PARTE &ast; IN THE COURT OF CRIMINAL

LEVI C. HAYNES &ast; APPEALS OF TEXAS

Applicant &ast; AUSTIN, TEXAS

APPLICANT'S REBUTTAL TO DISTRICT COURT'S
PROPOSED FINDINGS OF FACT, CONCLUSIONS
OF LAW AND ORDER.

NOW, COMES, Levi C. Haynes, Applicant-Pro Se, files this, its rebuttal to state's proposed findings of fact, conclusions of law and order in the above-captioned cause, in support of Applicant's Application for writ of Habeas Corpus pursuant to Art. 11.07, and Art. 1.08, Texas Code of Criminal procedure, and will show the following:

I.

The applicant is presently confined pursuant to the judgment and sentence of the 184th District Court of Harris County, Texas, in cause number 758756, where applicant was convicted by a jury of the offense of aggravated robbery. The trial court assessed applicant's punishment to (50) years confinement in the Texas Department of Criminal Justice - Institutional Division.

1.

The First Court of Appeals affirmed applicant's conviction in an unpublished memorandum opinion. Haynes v. State, 01-98-00374-CR, 2000 WL 704973 (Tex. App.-Houston [1 Dist.] 2000, no pet.). Applicant filed a writ of Habeas Corpus alleging that he was denied an opportunity to file a petition for discretionary review because applicant's attorney did not notify applicant that the conviction had been affirmed or what applicant needed to do to file said petition. This Honorable Court of Criminal Appeals granted relief. Applicant then filed his second writ of Habeas Corpus, Cause 758756-B, alleging violation of applicant's due process rights. The applicants instant Application For Writ of Habeas Corpus states as follow:

## II.

The applicant denies the District Court's Proposed Findings of Fact, Conclusions of Law And Order, etc. This Court Has Jurisdiction of The Subject Matter.

The applicant assert the District court of Harris County, Texas allege that applicant's Actual Innocent claim should be denied because (1) the affidavit of Willie James Thomas is not credible. (2) That Thomas was not credible during the interview with the State. (3). That Thomas was inaccurate regarding the facts of the case.

2.

(4). The District court contends that applicant has not proven that he is actually innocent.

The applicant assert that for the affidavit of Willie James Thomas is credible. The applicant contend had this Newly discovered evidence been revealed to the attention of the jury if true, could have created doubt during the verdict of the jury. The applicant and Willie Thomas had a joint trial. The applicant testified at trial but, Willie James Thomas did not.

The applicant assert that during the State's interview with Willie James Thomas, the state claim that Willie were not credible. The applicant contend that Willie was very credible, because he told the interviewers by the state - the real truth pertaining to the case, and not the prefabricated facts which both the applicant and Willie James Thomas were tried on.

The applicant assert during the states interview with Willie, Willie told the state's interviewers that it were investigator C.T. Sanders (Detective), who put the applicant on the scene of this crime. (see - Willie James Thomas affidavit in support). Applicant Contend that Willie in his affidavit and during the state's interview admit to using the applicant's name. also Willie admit to using applicant's name since he were a juvenile to avoid being locked up (see page 2 of willie's recorded or written interview statement).

3.

Also, see page 4 of Willie's written interview by the State to see how the detective C.T. Sanders put or conspired to place the applicant on the scene of this crime if Willie didn't tell the names of the other guys that were involved in the robbery. The applicant assert that he never knew how his name managed to get involved in a crime such as this — until his recent discovery of Willie's affidavit of remorse submitted to our grandma confessing what he had done. Furthermore, applicant asserts that State's interviewer with Willie (Kari Allen - KA), told Willie during the interview that she was going to go and interview Mr. C.T. Sanders, but she never did because there's no evidence indicated in the record that she did (see page 23 of state's written interview). Therefore, Applicant strongly asserts, that he is one of actual innocent. Also, base on the Newly discovered evidence (Affidavit of Willie James Thomas), applicant has been denied the "Due Process of Law / Equal Protection of the Law; both that of the U.S. Constitution, 14th Amendment, sec. 1. And that of the Texas Constitution, Art. 1, sec. 19. in this instant cause.

III.

Finally the applicant assert that this honorable Court

4.

has rendered in black/white in (Ex parte Elizondo - 947 S.W. 2d 202. Tex. Cr. App. 1996) (6)(7)(8)(9).

(6) Person finally convicted in fair trial is not permitted to wage collateral attack on that conviction without making exceedingly persuasive case that he is actually innocent and, thus, applicant for habeas relief based on claim of actual innocent must demonstrate that newly discovered evidence, if true, creates doubt as to efficacy of verdict sufficient to undermine confidence in verdict and that it is probable that verdict would be different on retrial. Applicant assert that the above would be met if the jury had known that Willie - James Thomas used applicant's name in the instant cause without the knowledge of applicant. Also, if the jury had been informed by Willie concerning the statement that detective Sanders made to Willie about incriminating applicant to this case if willie wouldn't tell him who the other guys was.

(7) Applicant assert this court outlined (Ex parte Elizondo), In order for confidence in verdict to be undermined by newly discovered evidence, as required for habeas relief based on claim of actual innocence, it is not necessary that new evidence render state's case legally or constitutionally insufficient for conviction.

(8) That the "Job of Court of Criminal Appeals, in exercise of its postconviction habeas jurisdiction,

5.

is not to review jury's verdict, but to decide whether newly discovered evidence would have convinced jury of applicant's innocence. Vermon's Ann. Texas C.C.P. arts. 11.07, 11.071. Applicant contend that it would, because he will have the opportunity to confront both Willie and that of detective Sanders.

(9) Applicant assert the Court stated: "In order to grant habeas relief on claim that newly discovered evidence would have convinced jury of applicant's innocence, Court must be convinced that new facts "unquestionably establish" applicant's innocence; "unquestionably establish" means to establish by "clear and convincing" evidence. This the applicant assert that he can establish if given the opportunity to do so.

## V.

## CONCLUSION OF LAW

1. The applicant assert that he is actually innocence.
2. The applicant assert that the Newly discovered evidence meet the standards set out in Ex parte Elizondo 947 s.w. 2d 202. Tex. Cr. App.).
3. In all things, the applicant has demonstrated that his conviction was improperly obtain base on the newly discovered evidence in the instant cause.

6.

Accordingly, the applicant pray that the Court of Criminal Appeals grant applicant relief in this instant cause.

## CERTIFICATE OF SERVICE

Service has been accomplished by sending, on the 12th day of January, 2015, a copy of this instrument to the Assistant District Attorney at the following address:

Carolyn Allen
Assistant District Attorney
Harris County, Texas
1201 Franklin, 6th Floor
Houston, Texas 77002

Respectfully Submitted,
Levi C. Haynes Pro se #1824139
Darrington Unit
59 Darrington Rd
Rosharon, Tx 77583

7.